CASE No. 895.

STATE, *EX RELATIONE* BRIGHT, v. BRIGHT.

1. A party arrested under a charge of bastardy gave his recognizance, with a surety, to the State of South Carolina, in the penal sum of $900, conditioned to "pay over to the Court of Trial Justice for the county of Charleston aforesaid, the sum of seventy-five dollars per year, for the support of the following named illegitimate children, now in the custody of their mother, viz.: C., seven years old; E., five years old; and E. L., one year and nine months old, until each of said children become twelve years of age "—*Held*, upon the objection of the surety, that the recognizance was not a binding obligation, because it was not in compliance with the statute, nor in such form as would practically effect the object of the statute, nor payable to the proper officers.
2. A recognizance in such case is not a judgment of the court, binding because not appealed from. *State* v. *Harmon*, 3 *Hill* 275, explained.
3. The surety is not estopped from disputing the validity of the recognizance because of payments made thereon by another party, after its execution.

Before ALDRICH, J., Charleston, December, 1879.

From the brief furnished in this case, no fuller statement is possible than that this action was brought by the mother of three bastard children upon a recognizance entered into May 24th, 1876, before M. R. Delany, trial justice, whereby Saulsberry Bright and Thomas R. Smalls acknowledged themselves indebted to the State of South Carolina in the sum of $900, with condition underwritten, as stated in the opinion of this court; that $6.25 was endorsed as a credit thereon by Delany, trial justice, in June, 1876, and $6.25 as a further credit by Chisolm, trial justice, in August, 1876; that Smalls defended the action; that the verdict was for defendant; that plaintiff moved for a

new trial, which was refused, and that she then appealed to this court upon the following grounds:

1. Because the bond upon which the suit is brought is a judgment of a court having jurisdiction over the subject matter therein contained, and the said judgment, whilst unreversed, cannot be impeached in a collateral way, and the court erred in allowing said judgment to be impeached or questioned by the defendant.

2. Because the court erred in holding that the bond was void, it being "for the support of three illegitimate children," instead of being for the support of one illegitimate child.

3. Because the bond is in accordance with the statute under which it was taken, and which allows one or more children to be provided for in the same bond, and the court erred in not sustaining it.

4. Because the defendant is estopped from denying the validity of the bond, he having, since the execution of the same, made two payments thereon, thereby curing any defects in said bond, and the court erred in not so holding.

5. Because, if the bond is irregular in being for the support of too many children, it is good for the support of the first child therein named, and the court erred in not so holding.

6. Because the bond, if not good under the statute, is good at common law, being a voluntary obligation on the part of the defendant, Smalls, and the court erred in not so holding.

*Mr. S. J. Lee,* for appellant.

*Messrs. G. W. Dingle* and *T. W. Bacot,* contra.

July 21st, 1880. The opinion of the court was delivered by

McIVER, A. J. This was an action on a bond in the sum of $900, alleged to have been given to provide for the support of three illegitimate children. The condition of the obligation is as follows: "That if the said Saulsberry Bright shall pay over to the court of trial justice for the county of Charleston, aforesaid, the sum of $75 per year for the support of the following named illegitimate children, now in the custody of their mother,

viz.: Charlotte, seven years old; Elizabeth, five years old; and Emma Louisa, one year and nine months old, until each of said children become twelve years of age," &c.

It is very obvious that the bond sued upon is not such a bond as is contemplated by the statute, and, therefore, cannot be recovered upon as such. It is contended, however, that the bond, if not good under the statute is good at common law, being a voluntary obligation, so far as the defendant Smalls, who is a mere surety, is concerned. It may be that under the authority of the case of *Commissioners of the Poor* v. *Gilbert,* 2 *Strob.* 152, that if the bond was voluntarily entered into, and it was in such form as would practically effect the object contemplated by the statute, that though not good under the statute, it might furnish a good cause of action as a valid common law obligation. But in this case, even were we to assume that the bond was voluntarily given, so far as the defendant Smalls was concerned, it is clear that the bond is not only not in conformity to the statute, but is not adapted to effect the object of the act. This object is to save the county harmless by securing the payment of a certain specified sum, $25, annually, from the time of the birth of the child until it attains the age of twelve years; but if the child dies in the meantime the obligation to pay ceases. In this case, however, the bond provides for the payment of $75 annually, "until *each* of said children become twelve years of age," and, therefore, if Charlotte or Elizabeth, one or both, were to die to-morrow, the defendant, by the terms of this bond, would still be obliged to pay the sum of $75 annually until Emma Louisa attained the age of twelve years, while under the statute, the amount which he would be required to pay would be only $50 or $25 per year, accordingly as one or both might die.

This bond also provides for the payment of this money " to the court of trial justice for the county of Charleston," and, bound as we are, to take judicial notice of the fact spread upon the legislative records of the state, that there are several trial justices in the county of Charleston, it would become a very perplexing question to determine which one of them could receive the money and give the defendant a valid discharge. In addition to this these officers are not, like the former boards of com-

missioners of the poor, charged with the duty of administering the fund provided for the support of the destitute, and, therefore, while there may have been some propriety in sustaining bonds of this character, made payable to the commissioners of the poor, as has been done in the case above referred to, and others of that class, we are unable to see any reason why a bond providing for the payment to a trial justice who is in no way charged with the duty of disbursing the poor fund, should be sustained.

Again, it is urged in behalf of the appellant that the bond or recognizance in question is a judgment of the court, and, not being appealed from at the time it was entered into, cannot now be questioned, and to sustain this proposition the case of *State* v. *Harmon,* 3 *Hill* 275, is cited. That case, however, does not decide any such proposition. The defendants there, in answer to a *scire facias* to estreat the recognizance, insisted that they could not be made liable for the annual payment prior to the time when the party charged had been convicted, while, on the other hand, it was contended that they were liable from the time of the birth of the child. The court, while declining at that time to decide the question as to when the annual payments should commence, according to the proper construction of the act, held that as Harmon had been convicted at a former court, and, in pursuance of the sentence following such conviction, had entered into the recognizance in question, which, by its terms, provided for the payments to commence from the birth of the child, the court would presume that the sentence required the defendant to enter into such a recognizance, and the *sentence*— not the *recognizance*—being the judgment of the court, from which there was no appeal, could not afterwards be inquired into. In this case there was no trial or sentence, and there could not, therefore, be any judgment.

Finally, it is urged that the defendant is estopped by the payments made upon the bond from now denying its validity. A sufficient answer to this is that it does not appear by whom the alleged payments were made. If made by the principal obligor, as would be the natural inference, they certainly cannot affect the defendant Smalls, who alone is contesting the plaintiff's right to

recover, the principal obligor having permitted the case to go against him by default.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.